# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | **No. 11-20030-01-KHV** |
| | ) | |
| CAMERON WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's letter (Doc. #31), which the Court construes as a motion to transfer custody, filed March 8, 2017.

On November 17, 2011, the Court sentenced defendant to 52 months in prison to be served consecutive to earlier sentences in the Circuit Courts of Buchanan County, Missouri, Case No. 08CU-CR02197-01, and Clay County, Missouri, Case No. 10CY-CR01922. See Judgment In A Criminal Case (Doc. #27) at 2. On August 9, 2012, the Circuit Court in Platte County, Missouri, Case No. 10AE-CR01945-01, sentenced defendant to 25 years in prison, consecutive to his prior state sentences. Defendant states that he recently completed the custody term of the sentences from Buchanan and Clay counties. He asks the Court to issue a writ to direct the Missouri Department of Corrections to transfer him to the custody of the Bureau of Prisons so that he can serve his federal sentence before his sentence from Platte County.

Defendant first appeared in this case on a federal writ of habeas corpus ad prosequendum. Doc. #4. The writ directed the Missouri Department of Corrections to produce defendant for this case. Id. Even so, Missouri retained primary jurisdiction over defendant. See United States v. Alonzo-Garcia, 659 F. App'x 476, 478 (10th Cir. 2016) (defendant in federal custody on writ of

habeas corpus ad prosequendum still subject to primary custody of original authority). Missouri remains responsible for the custody of defendant unless and until it relinquishes primary jurisdiction. See Weekes v. Fleming, 301 F.3d 1175, 1180 (10th Cir. 2002) (sovereign that first acquires custody of defendant entitled to custody until it is through with him or agrees to temporarily or permanently relinquish custody). Defendant cites no authority that consecutive federal and state sentences must be served in a particular order or that this Court may direct his transfer to the Bureau of Prisons at this time. The Court therefore overrules defendant's motion to transfer.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #31), which the Court construes as a motion to transfer custody, filed March 8, 2017 is **OVERRULED**.

Dated this 15th day of June, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge